UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH J. SMITH dba LANDER STREET SHELL,

        Plaintiff,

v.

PACWEST ENERGY, LLC, et al.,

        Defendants.

C16-1317 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant PacWest Energy, LLC's motion for summary judgment, docket no. 14, is DENIED in part and GRANTED in part, as follows.

(a) With regard to plaintiff's claims under the Petroleum Marketing Practices Act ("PMPA"), defendant's motion for summary judgment is DENIED. Under the PMPA, a franchisor "engaged in the sale, consignment, or distribution of motor fuel in commerce" may not "fail to renew any franchise relationship" except as allowed by 15 U.S.C. §§ 2802(b) & 2803. *See* 15 U.S.C. § 2802(a)(2). Section 2802(b) permits nonrenewal of a franchise relationship if (A) the notification requirements are met, and (B) the nonrenewal is based on a statutorily enumerated grounds. *Id.* at § 2802(b)(1). As the franchisee, plaintiff bears the burden of proving the "nonrenewal" of the franchise relationship; however, the burden of proving as an affirmative defense that any nonrenewal was authorized by the PMPA rests on defendant PacWest Energy, LLC ("PacWest"), as the franchisor. *See id.* at § 2805(c). In connection with its motion for summary judgment, PacWest also bears the burden of demonstrating the absence of any genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). PacWest has failed to do so. The terms "fail to renew" and "nonrenewal" are statutorily defined, and for purposes of this matter, mean "a failure to reinstate,

MINUTE ORDER - 1

continue, or extend the franchise relationship . . . at the conclusion of the term, or on the expiration date, stated in the relevant franchise." <u>See</u> <u>id.</u> at § 2801(14). In light of PacWest's state court lawsuit against plaintiff, alleging that the lease has expired and not been renewed, and seeking a monthly rental rate more than double the amount set forth in the lease, <u>see</u> Ex. D to VanDerhoef Decl. (docket no. 15-4), whether a nonrenewal occurred at least constitutes a question of fact.[1] <u>See Meyer v. Amerada Hess Corp.</u>, 541 F. Supp. 321 (D.N.J. 1982); <u>Daniels v. Dilmar Oil Co.</u>, 502 F. Supp. 178 (D.S.C. 1980).[2]

---

[1] In addition, PacWest has not established as a matter of law that any nonrenewal was authorized by § 2802(b). The only statutorily enumerated ground for nonrenewal that might apply in this matter is the parties' failure to agree to changes or additions to the provisions of the franchise, but a franchisor may rely on such basis only if (i) the changes or additions are "the result of determinations made by the franchisor in good faith and in the normal course of business," and (ii) the failure to reach agreement is not the result of "the franchisor's insistence upon such changes or additions for the purpose of converting the leased marketing premises to operation by employees or agents of the franchisor for the benefit of the franchisor or otherwise preventing the renewal of the franchise relationship." 15 U.S.C. § 2802(b)(3)(A). To support its demand for increased rent, PacWest asserts that the property has a fair market value of $3.0 million, that an 8% return is standard, and that the annual rental value is therefore $240,000 per year (or $20,000 per month). Bock Decl. at ¶ 9 (docket no. 16). PacWest has presented no evidence, however, that this methodology for calculating rental rates has been applied to all, or even some, other franchisees. <u>See Palmieri v. Mobil Oil Corp.</u>, 682 F.2d 295, 296 (2d Cir. 1982) (the PMPA "prohibits a franchisor from applying a rental formula in a discriminatory manner"); <u>see also Esso Standard Oil Co. v. Dep't of Consumer Affairs</u>, 793 F.2d 431, 432 (1st Cir. 1986) (rent increases must be made "in accord with established rental formulas applied to all franchisees and not for the purpose of selectively terminating a particular franchisee"). In contrast, plaintiff has offered a chain of emails involving officers and employees of PacWest, its parent company (Jacksons Food Stores, Inc.), and its affiliate (Jackson Energy Co., also known as Jackson Oil Company), evidencing an intent, formulated long before the lease expired, to take over operation of the Lander Street Station. <u>See</u> Ex. D to Bleau Decl. (docket no. 18-4). Drawing all inferences in favor of plaintiff, as the nonmoving party, <u>see Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986), the Court concludes that whether the proposed rent increase was in "good faith" and "the normal course of business" or for purposes of "converting the leased marketing premises to operation" by PacWest or its parent company or affiliates constitutes a factual question precluding summary judgment. In light of this ruling, plaintiff's related objections to the evidence submitted by PacWest, docket no. 21, are STRICKEN as moot.

[2] PacWest's reliance on <u>Mac's Shell Serv., Inc. v. Shell Oil Prods. Co.</u>, 559 U.S. 175 (2010), and <u>Al's Serv. Ctr. v. BP Prods. N. Am., Inc.</u>, 599 F.3d 720 (7th Cir. 2010), is misplaced. In <u>Mac's Shell</u>, the Supreme Court defined constructive <u>termination</u>, not constructive <u>nonrenewal</u>, of a franchise relationship; the franchisees in <u>Mac's Shell</u> were not allowed to proceed on their constructive <u>nonrenewal</u> claim because they had accepted and executed renewal agreements. <u>See</u> 559 U.S. at 182-95. In contrast, plaintiff in this litigation has persistently refused to enter into a new lease or franchise containing the terms proposed by PacWest. <u>Al's Serv.</u> similarly involves constructive <u>termination</u>, not <u>nonrenewal</u>, of a franchise relationship, and it is factually distinguishable from this case, in which the franchisee continues to operate the station at issue and has not, unlike the plaintiff in <u>Al's Serv.</u>, abandoned it. <u>See</u> 599 F.3d at 726-27.

MINUTE ORDER - 2

(b) With regard to plaintiff's claim under Washington's Gasoline Dealer Bill of Rights Act ("GDBRA"), defendant's motion for summary judgment on the basis of federal preemption is DENIED. The GDBRA has no provision governing the termination or nonrenewal of a petroleum-products franchise, and no portion of the state statute is preempted by the PMPA. *See* RCW 19.120.010-.906; *see also* 15 U.S.C. § 2806(a); *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 592 (3d Cir. 1989); *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 304-06 (2d Cir. 1986); *Lasko v. Consumers Petroleum of Conn., Inc.*, 547 F. Supp. 211, 216 (D. Conn. 1981).

(c) With regard to plaintiff's claims under Washington's Franchise Investment Protection Act ("FIPA") and Washington's Consumer Protection Act ("CPA"), defendant's motion for summary judgment is GRANTED to the extent that such claims are premised on provisions of FIPA that are preempted. *See* RCW 19.100.180(2)(i)&(j); *see also Millett v. Union Oil Co. of Cal.*, 24 F.3d 10 (9th Cir. 1994). To the extent, however, that plaintiff's FIPA and CPA claims are based on "good faith" or other non-preempted provisions, defendant's motion for summary judgment is DENIED.

(2) The parties are DIRECTED to file a Joint Status Report within fourteen (14) days of the date of this Minute Order indicating when they will be prepared for trial.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of November, 2017.

                                        William M. McCool
                                        Clerk

                                        s/Karen Dews
                                        Deputy Clerk